IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GLENANNE J. JOHNSON                                                                                    PLAINTIFF

v.                                      Civil No. 3:23-CV-03052-TLB-MEF

NEW MEXICO INSTITUTE OF MINING
AND TECHNOLOGY and
NEW MEXICO RISK MANAGEMENT
DIVISION                                                                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

**I.        BACKGROUND**

Plaintiff filed her Complaint, an incomplete *in forma pauperis* ('IFP") application, and a Motion for Counsel on December 13, 2023.  (ECF Nos. 2, 3, 4).  On December 18, 2023, Plaintiff filed a Motion to Compel the Court to Accept Jurisdiction.  (ECF No. 7).  On December 27, 2023, Plaintiff submitted an Amended Complaint.  (ECF No. 8).  On December 28, 2023, the Court entered an Order directing Plaintiff to submit a completed IFP application or pay the court filing fee by January 18, 2024.  (ECF No. 9).  On January 26, 2024, the Court entered an Order noting that Plaintiff's Amended Complaint indicates she is suing under the Americans with Disabilities Act and Title VII, and it directed her to submit her notice of right to sue by the Equal Employment Opportunity Commission (EEOC) as required by Title VII.  (ECF No. 12).  Plaintiff's EEOC

1

supplement was due February 16, 2024. (*Id*.). Plaintiff was also advised that she should inform the Court if she did not have an EEOC notice of right to sue by the same deadline. (*Id*.). Plaintiff's Motion to Compel Jurisdiction and Motion for Counsel were denied. (ECF Nos. 10, 11).

Both Orders noted above (ECF Nos. 9, 12) advised Plaintiff that failure to comply would result in the dismissal of her case. To date, Plaintiff has failed to submit a completed IFP application or pay the filing fee. She has also failed to submit her EEOC notice of right to sue or inform the Court that she did not have an EEOC notice. Plaintiff has not communicated with the Court since filing her Amended Complaint on December 27, 2023.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 8) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of February 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE